UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

    Plaintiff,

v.                                 Case No: 8:22-cv-0537-KKM-MRM

UNITED STATES OF AMERICA,

    Defendant.
_____

## ORDER

The United States moves to dismiss pro se plaintiff Carlton Hooker's claims with prejudice because they violate a prefiling injunction this Court imposed against Hooker in *Hooker v. Sec'y of Veterans Affairs*, No. 8:20-cv-2557-KKM-JSS. (Doc. 16.) Because the Court agrees with the United States that Hooker's Federal Tort Claims Act (FTCA) claims in this action violate the prefiling injunction, the Court grants the United States' motion to dismiss and modifies the language of the prefiling injunction to clarify the scope of the injunction going forward.

The current language of the prefiling injunction in effect against Hooker is as follows:

Carlton Eugene Hooker Jr. is ENJOINED from filing any new action, complaint, or claim for relief against the Secretary of Veterans Affairs related

to his employment, in federal court, state court, or any other forum. Hooker may not file any case or papers against the Secretary related to his employment without a member who is in good standing with the Florida Bar and who is eligible to practice before the Courts in the Middle District of Florida signing the paper. If Hooker files papers pro se after the entry of this order, they will be stricken and disregarded by the Court.

Twenty-six times in the past eleven years, Hooker has filed lawsuits in this Court centering on his combative relationship with the Department of Veterans Affairs (VA). *See, e.g., Hooker v. Sec'y of Veterans Affairs*, No. 8:21-cv-2557-KKM-JSS; *Hooker v. Dep't of Veterans Affairs*, No. 8:20-cv-2750-SDM-AEP; *Hooker v. Dep't of Veterans Affairs*, No. 8:20-cv-2994-CEH-TGW; *Hooker v. USDOJ-Executive Off. of U.S. Atty's*, No. 8:20-cv-2749-SDM-TGW; *Hooker v. Mulcahy*, No. 8:20-cv-1788-CEH-JSS; *Hooker v. Wilkie*, No. 8:20-cv-1248-WFJ-CPT; *Hooker v. Sec'y, Dep't of Veterans Affairs*, No. 8:18-cv-2000-CEH-JSS. Specifically, these cases center on the VA's Bay Pines Medical Center where Hooker was once employed as a member of the VA police force. On December 9, 2016, Hooker was notified of the VA's decision to place him in "no engagement status" at the Bay Pines campus because of his relentlessly combative behavior towards the VA and its employees at that location after the termination of his VA employment. Hooker refers to the decision as "the ban" and brings FTCA claims against the United States for alleged "negligent infliction of emotional distress" by the VA in

Case 8:22-cv-00537-KKM-MRM Document 29 Filed 08/11/22 Page 3 of 4 PageID 300

connection with medical care Hooker sought at the Bay Pines Center in December 2021. (Doc. 1.)

Once again, this lawsuit centers on the "ban" the VA imposed against Hooker and attempts to collect tort damages for the enforcement of the "ban" via the FTCA. The Court agrees with the United States that there is no practical or useful distinction between a case attacking the VA's "ban" directly—as Hooker has done in past cases—and a case seeking damages because the "ban" has been enforced. Further, the Court declines to interpret the injunction in the narrow manner Hooker proposes. The injunction is intended to prevent the VA and its employees from needing to defend their actions in banning Hooker from the VA yet again in court. Limiting the injunction exclusively to actions filed against the VA Secretary alone is not a reasonable reading of the injunction in the light of its purpose.

To ensure that Hooker's vexatious conduct against the VA and its employees is effectively ended, the Court hereby modifies its earlier prefiling injunction against Hooker to prevent *any* additional lawsuits by him against the VA, its employees, and any agency of the United States, related to his employment and/or the "ban" imposed by the VA, under any theory, unless filed by a licensed attorney.

Accordingly, the following is **ORDERED**:

1. Defendant's (Doc. 16) Motion to Dismiss is **GRANTED**.

3

2. Carlton Eugene Hooker Jr. is **ENJOINED** from filing any new action, complaint, or claim for relief against the Department Veterans Affairs, its employees, or any agency of the United States, related to his employment and/or the "ban" imposed by the VA, under any theory. Hooker may not file any such case or papers without a member who is in good standing with the Florida Bar and eligible to practice before courts in the Middle District of Florida signing the paper. If Hooker files papers pro se after entry of this Order, the papers will be stricken and disregarded by the Court. If he continues to file papers after his papers have been stricken, the papers will be ignored by the Court and deemed a nullity. Hooker's disregard of this order will result in the Court considering imposing monetary sanctions against him.

3. The Clerk is directed to **TERMINATE** any pending motions and deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 11, 2022.

                                                **TOM BARBER**
                                                **UNITED STATES DISTRICT JUDGE**